# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMIR FATIR, | : | |
| | : | C.A. No. K18M-12-024 WLW |
| Petitioner, | : | |
| v. | : | |
| | : | |
| GOVERNOR OF THE STATE | : | |
| OF DELAWARE, | : | |
| | : | |
| Respondent. | : | |

Submitted: December 21, 2018
Decided: January 10, 2019

## ORDER

Upon Application to Proceed *In Forma Pauperis.*
*Granted.*
Upon Petition for Writ of Mandamus.
*Denied.*


Amir Fatir, *pro se* Petitioner.


WITHAM, R.J.

Before this Court is the Petitioner's, Amir Fatir[1] ("Petitioner), application for a Writ of Mandamus stemming from a past application for a pardon. For the forthcoming reasons, the Petitioner's petition is **DENIED.**

**FACTS AND PROCEDURAL BACKGROUND**

1. Petitioner Amir Fatir is an inmate incarcerated at the James T. Vaughn Correctional Center under the supervision of the Delaware Department of Correction. He is currently serving a life sentence without parole as a result of his conviction in 1975.

2. Initially the Court will grant the Application to Proceed *In Forma Pauperis* and review the Petition for Writ of Mandamus. Petitioner complains that the Governor of the State of Delaware officially failed to act upon his 1991 application for a pardon. He claims his 1991 application, which was not supplied to the Court, received a 4 - 0 vote from the Delaware Board of Pardons ("Pardons Board") on December 19, 1991 recommending to the Governor that his sentence be commuted to life with the possibility of parole.

3. According to the Petitioner, the Pardons Board filed its recommendation with the Delaware Secretary of State, who in turn forwarded the recommendation to the Governor. His petition asserts that the Governor failed to act on the Pardons Board's 1991 recommendation.

---

[1] The Petitioner was once known as Sterling Hobbs.

2

## LEGAL STANDARD OF REVIEW

4. A writ of mandamus is an extraordinary remedy issued by this Court to compel a lower court, agency, or public official to perform a nondiscretionary or ministerial duty.[2] The issuance of a writ is within the Court's sound discretion; it is not a matter of right.[3]

5. Before a writ is issued, "the Petitioner must demonstrate that: he [or she] has a clear legal right to the performance of the duty; no other adequate remedy is available; and the [lower body] has arbitrarily failed or refused to perform that duty."[4] A nondiscretionary or ministerial duty must be "prescribed with such precision and certainty that nothing is left to discretion or judgment."[5] If the duty is discretionary, the right is doubtful, the power to perform the duty is inadequate or wanting, or if any other adequate remedy exists, then the Petitioner is not entitled to a writ of mandamus.[6]

---

[2] *Allen v. Coupe*, 2016 WL 676041, at * 2 (Del. Super. Feb. 18, 2016) (citing *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015)).

[3] *Id. (citing Shah v. Coupe*, 2014 WL 5712617, *1 (Del. Super. Nov. 3, 2014)); see also *Guy v. Greenhouse*, 637 A.2d 827 (TABLE), 1993 WL 557938, *1 (Del. 1993).

[4] *Nicholson v. Taylor*, 882 A.2d 762 (TABLE), 2005 WL 2475736, *2 (Del. 2005).

[5] *Id.*

[6] *Allen*, 2016 WL 676041, at *2 citing *Pinkston v. DE Dept. of Corr.*, 2013 WL 6439360, *1 (Del. Super. Dec. 4, 2013).

## DISCUSSION

6. In Delaware, citizens granted the Governor power to pardon in Article VII § 1 of the Delaware Constitution. Our Constitution also creates and empowers a Board of Pardons.[7] The Pardons Board consists of the Chancellor, Lieutenant–Governor, Secretary of State, State Treasurer, and Auditor of Accounts.[8] The Pardons Board recommends to the Governor whether he or she should pardon the applicant unconditionally, conditionally, or not at all, attaching any condition that is deemed appropriate.[9] The Governor may also attach to his or her pardon any condition deemed appropriate.[10]

7. In his petition, the Petitioner argues that he is entitled to have the Governor act on the 1991 recommendation made to the Governor by the Pardons Board, recommending that his sentence be commuted to a life sentence with the possibility of parole.

8. Here, it appears to the Court that the Petitioner is asking the for the Court to demand that the Governor act on a pardon application that is over 27 years old. The Petitioner does not provide the Court with any documentation to support his argument that there is a pending recommendation before the Governor, or any prior

---

[7] Del. Const. art. VII, §§ 1, 2.

[8] *Id.*

[9] *Heath v. State*, 983 A.2d 77, 80 (Del. 2009).

[10] *Id.*

4

Governor.

9. The Governor of the State of Delaware has the discretionary authority to grant pardons. The Petitioner requests that the Governor perform an entirely discretionary action which is *not* a matter of right, and which presumably was decided over 27 years ago by a former Governor. Accordingly, his claim has no legal merit and is therefore legally frivolous.

## CONCLUSION

11. Since no evidence was presented to show that a pending pardon action exists, the Court finds no grounds to grant the Petitioner's petition. Therefore, the Petitioner's application for writ of mandamus is **DENIED.**

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh
oc: Prothonotary
cc: Amir Fatir, *pro se*

5